IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

|  |  |
|---|---|
| JUMILLE FRANKLIN, et al., | CASE NO. 1:14 CV 01163 |
| Plaintiffs, | MEMORANDUM AND ORDER DENYING THE PLAINTIFFS' MOTION |
| -vs- | FOR A TEMPORARY RESTRAINING ORDER |
| MANSFIELD CITY SCHOOL DISTRICT, et al., |  |
| Defendants. |  |

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is an application for a temporary restraining order filed by the plaintiffs Jumille Franklin and Jumille Franklin, on behalf of Stanley Brown, Jr.[1] For the reasons that follow, the motion is denied.

Stanley Brown, Jr. ("Mr. Brown"), an African American male and a minor, is a senior at Mansfield Integrated Learning Center (MILC), which is a high school run by defendant Mansfield City School District ("School District"). (Doc. 1, ¶¶7-9). Defendant Brian Garverick is the School District's Superintendent. (Doc. 1¶6).

Mr. Brown is a high school senior hoping to graduate with his classmates on 31 May 2014. He took and passed all five sections of the Ohio Graduation Test, which consists of reading, math, writing, science, and social studies. (Doc. 1, ¶11). In addition

---

[1] The Court notes that, at this hour, the docket does not reveal that the defendants have been properly served.

to this test, the plaintiff was also required to take a several other exams using a computer based testing platform called PLATO. (Doc. 1, ¶¶10, 15). Mr. Brown completed the required exams.[2] (Doc. 1, ¶14). However, on 28 May 2014, after Superintendent Garverick concluded that Mr. Brown had cheated on his PLATO exam, Mr. Brown was informed that his PLATO grades would not be accepted and that he would not graduate. (Doc. 1, ¶15).

The plaintiffs maintain that Mr. Brown did not cheat on the PLATO exam. (Doc. 1, ¶18). They suggest that the true reason that he is being prevented from graduating is based on racial animus on the part of the defendants. The plaintiffs accordingly brought this lawsuit alleging four causes of action: (1) disparate treatment pursuant to 42 U.S.C. § 1981; (2) due process violations pursuant to 42 U.S.C. § 1983; (3) equal protection violations pursuant to 42 U.S.C. § 1983; and a state law claim of defamation per se. The plaintiffs contemporaneously filed a motion for a temporary restraining order, which seeks an order enjoining the defendants from excluding Mr. Brown from MILC's graduation scheduled for Saturday, May 31, 2014. (Doc. 2, ¶1). In the alternative, the plaintiffs seek an order enjoining the defendants from going forward with graduation ceremonies at all on the scheduled date. (Doc. 2, ¶1).

When considering a motion for a temporary restraining order or preliminary injunction, a district court must balance four factors:

---

[2]   Mr. Brown received the following grades on his PLATO exams: Personal Finance - 72% (C); Algebra 2B - 88% (B); Algebra II - 96% (A); Geometry A - 89% (B); Geometry B - 96% (A); U.S. Government - 63% (D); Biology - 83% (B); Chemistry - 37% (F); Algebra I - 46% (F). The plaintiffs do not state whether these grades, taken as a whole, are considered adequate for graduation.

>(1) whether the movant has a strong likelihood of success on the merits;
>
>(2) whether the movant would suffer irreparable injury without the restraining order;
>
>(3) whether issuance of the restraining order would cause substantial harm to others; and
>
>(4) whether the public interest would be served by the issuance of the injunction.

Tumblebus Inc. v. Cranmer, 399 F.3d 754, 760 (6th Cir.2005). These four considerations are "factors to be balanced, not prerequisites that must be met." Jones v. City of Monroe, 341 F.3d 474, 476 (6th Cir.2003) (citing In re DeLorean Motor Co., 755 F.2d 1223, 1228 (6th Cir.1985)). The district court "is not required to make specific findings concerning each of the four factors used in determining a motion for [a temporary restraining order] if fewer factors are dispositive of the issue." Id.

Upon review of the plaintiffs' submissions, the Court is not persuaded that the plaintiffs are entitled to the requested restraining order. First, the plaintiffs have failed to demonstrate any likelihood of success on the merits. Other than stating conclusory allegations, the plaintiffs supply no facts by which the Court might reasonably conclude that the defendants are withholding Mr. Brown's diploma on the basis of his race. In addition, while being denied a diploma could ultimately be damaging to Mr. Brown, the plaintiffs fail to explain how he will be irreparably harmed if he is not granted his high school diploma *tomorrow*. While being excluded from the graduation ceremony may be a disappointment for Mr. Brown, there is nothing irreparable about this injury. The plaintiffs fail to show that if the defendants are not immediately ordered to award Mr. Brown his diploma, he is forever disqualified from receiving one. Furthermore, the plaintiffs also fail to address the remaining two factors which are relevant to this inquiry.

3

Therefore, because the plaintiffs have failed to demonstrate a likelihood of success on the merits and the existence of irreparable harm in the absence of a restraining order, the plaintiffs' motion is DENIED.

    IT IS SO ORDERED.

                                                                   /s/ Lesley Wells
                                                UNITED STATES DISTRICT JUDGE

Date: 30 May 2014